## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF VIRGINIA

**In re:**
**JEFFREY MICHAEL MINICK,**  **Chapter 7**
      **Debtor.**  **Case No. 18-50146**

### MEMORANDUM OPINION

This Court must decide whether to dismiss a chapter 7 bankruptcy case for cause as a bad faith filing. The case chiefly involves the debtor and one other person. The one other person thinks the debtor filed bankruptcy in bad faith and is abusing the bankruptcy laws. The debtor thinks otherwise.

### Background

Jeffrey Minick lives in Front Royal, Virginia. He filed a chapter 7 petition in the Western District of Virginia on February 22, 2018. Before living in Virginia, the debtor lived in North Carolina. While in North Carolina, he had an affair with a married woman. At some point, the relationship ended. The woman stayed in North Carolina, and the debtor moved to Virginia. After that, the woman's husband, Tom Roberts, filed a civil action against the debtor in North Carolina state court alleging the tort of criminal conversation. Under North Carolina law, the tort of criminal conversation requires two elements: 1) marriage;[1] and 2) sexual intercourse between the defendant and the plaintiff's spouse during the marriage. *Misenheimer v. Burris*, 637 S.E.2d 173, 177 (N.C. 2006) (dissent). The tort has been described as a strict liability tort; no intent to harm the plaintiff is required. *Id*. The plaintiff may prevail even if the defendant did not know of the marriage or even if the extra marital affair had no effect on the marriage. *Id*.

---

[1]     Mr. Roberts is no longer married to his wife. Although they are no longer married, under North Carolina law, he may seek damages for the civil action involving his former wife.

While the civil action was pending, the debtor filed chapter 7 bankruptcy. He filed primarily to stop the civil litigation and ultimately discharge any liability he may have to Mr. Roberts.

On March 1, 2018, nine days after the debtor filed his petition, Mr. Roberts filed a motion to dismiss the bankruptcy case as a bad faith filing. He sought in the alternative relief from the automatic stay to continue the civil litigation.

**The Motion to Dismiss**

Mr. Roberts moves to dismiss under Bankruptcy Code section 707(a) for cause. Mr. Roberts alleges the debtor filed his petition in bad faith because the debtor: 1) filed bankruptcy to stay the state court civil action and 2) seeks to discharge a debt which Mr. Roberts believes should not be dischargeable in bankruptcy. At the hearing on the motion, Mr. Roberts further argued that because the debt should not be discharged in bankruptcy, allowing the chapter 7 to proceed will cause unnecessary delays in the state court civil action because it will only prolong the state court's determination of damages, if any. Mr. Roberts implored the Court to consider how much Mr. Roberts and his family have been harmed by the debtor's prepetition actions.

**Section 707(a)**

Section 707(a) provides that a bankruptcy court may dismiss a case for cause. The statute identifies three examples of cause but does not limit cause to those three statutory examples. 11 U.S.C. § 707(a).[2] As a result, the bankruptcy court has discretion to determine whether cause

---

[2] The three enumerated examples are:

(1) unreasonable delay by the debtor that is prejudicial to creditors;
(2) nonpayment of any fees or charges required under chapter 123 of title 28; and
(3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a), but only on a motion by the United States trustee.

11 U.S.C. § 707(a).

exists to dismiss a case. *See id.* ("The court *may* dismiss a case . . . only for cause . . . ." (emphasis added)).

The Fourth Circuit recently recognized that a debtor's actions may rise to the level of bad faith to comprise cause to dismiss an individual's chapter 7 bankruptcy case. *Janvey v. Romero*, 883 F.3d 406 (4th Cir. 2018). The Fourth Circuit, like a majority of the circuits to address the issue, endorsed the remedy of dismissal for egregious conduct evidencing abuse of the provisions or purpose of the Bankruptcy Code. Essentially, the open ended authority to dismiss a case for cause enables a bankruptcy judge to serve as gatekeeper to combat abuse of the bankruptcy laws. This may seem obvious yet it is hardly simple. The bankruptcy court must determine at the outset if a debtor, who is otherwise statutorily eligible to file a bankruptcy petition,[3] should nonetheless be denied the opportunity to proceed in a bankruptcy case.[4] Dismissal for bad faith, therefore, should be reserved for cases of real misconduct. *See Janvey*, 883 F.3d at 412.

Given the vague definition of cause to dismiss a bankruptcy petition, and the weighty authority bestowed on the bankruptcy judge, before dismissing a case as a bad faith filing, the bankruptcy court should consider the totality of circumstances guided by a multifactor test. *See Janvey*, 883 F.3d at 412. One such test is the eleven-factor test followed in *McDow v. Smith*, 295 B.R. 69 (E.D. Va. 2003). As the Fourth Circuit noted, the *McDow* factors "represent a distillation of the various 'totality of the circumstances test[s]' courts have applied in determining whether a

---

[3] Section 109 defines eligibility. Mr. Minick meets the eligibility criteria of the statute.

[4] The Supreme Court of the United States has recognized that a debtor through bad conduct may forfeit his right to certain protections of bankruptcy. *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 374–75 (2007). This concept explains the connection between bad faith and the statutory authority to dismiss a bankruptcy case: a court may use its statutory authority to dismiss a case for undefined cause as a means to address bad conduct which rises to the level of abuse of the bankruptcy laws.

debtor's actions amounted to bad-faith cause for dismissal." *Janvey*, 883 F.3d at 413 (citing *McDow*, 295 B.R. at 79).

**Totality of the Circumstances to Determine Bad Faith under Section 707(a)**

The eleven factors endorsed by the court in *McDow* include:

(1) The debtor's concealment or misrepresentation of assets and/or sources of income, such as the improper or unexplained transfers of assets prior to filing;
(2) The debtor's lack of candor and completeness in his statements and schedules, such as the inflation of his expenses to disguise his financial well-being;
(3) The debtor has sufficient resources to repay his debts, and leads a lavish lifestyle, continuing to have excessive and continued expenditures;
(4) The debtor's motivation in filing is to avoid a large single debt incurred through conduct akin to fraud, misconduct, or gross negligence, such as a judgment in pending litigation, or a collection action;
(5) The debtor's petition is part of a "deliberate and persistent pattern" of evading a single creditor;
(6) The debtor is "overutilizing the protection of the Code" to the detriment to his creditors;
(7) The debtor reduced his creditors to a single creditor prior to filing the petition;
(8) The debtor's lack of attempt to repay creditors;
(9) The debtor's payment of debts to insider creditors;
(10) The debtor's "procedural gymnastics" that have the effect of frustrating creditors;
(11) The unfairness of the debtor's use of the bankruptcy process.

*McDow*, 295 B.R. at 79 n.22 (citing *Indus. Ins. Servs., Inc. v. Zick (In re Zick)*, 931 F.2d 1124, 1129 (6th Cir. 1991); *In re Griffieth*, 209 B.R. 823, 826 (Bankr. N.D.N.Y. 1996); *In re Spagnolia*, 199 B.R. 362, 365 (Bankr. W.D. Ky. 1995); *In re Hammonds*, 139 B.R. 535, 542 (Bankr. D. Colo. 1992)).

Mr. Roberts describes the futility of proceeding in bankruptcy court when the debtor filed the bankruptcy case to stay a state court civil action which Mr. Roberts believes should be excepted from the bankruptcy discharge. This, he believes, justifies dismissal.

Secondarily, Mr. Roberts points to two factors recognized in *McDow*: (1) the debtor's attempt to evade a single creditor and (2) the debtor's motivation to file bankruptcy to avoid a debt incurred through malicious and unethical conduct.

In other words, Mr. Roberts challenges the propriety of seeking debt relief under the circumstances of this case.

**Applying the Factors**

Many of the factors considered as circumstances justifying dismissal are absent here. For example, the first three factors are inapplicable because the debtor does not have sufficient resources to repay his debts, nor does he have excessive or unnecessary expenses. He does not lead a lavish lifestyle. The debtor did not conceal assets, misrepresent assets or sources of income, or fail to explain transfers. He was not dishonest on his statements or schedules accompanying his petition.[5] Indeed, Mr. Roberts acknowledged at the hearing that the debtor presently does not have the income or assets to satisfy the debt.

Nearly all of the remaining factors are likewise inapplicable. For example, Mr. Minick did not reduce his creditors to a single creditor prior to filing his petition, did attempt to repay Mr. Roberts, did not make payments or transfers to insiders, and did not exploit "procedural gymnastics" to frustrate creditors. In the end, Mr. Roberts moves to dismiss the case as a bad faith filing because the debtor filed the case to stay the litigation and avoid the large single debt that is the subject of the litigation. On top of that, Mr. Roberts suggested in oral argument that the harm to him and his family outweighs the harm to the debtor from having to ultimately pay monetary

---

[5] Mr. Roberts alleged that the debtor made a false oath when he answered on the petition that his debts were "primarily consumer debts." The Court has reviewed the petition and finds that the debtor correctly labeled his debts as primarily consumer debts.

compensation to Mr. Roberts; in this way, Mr. Roberts suggested Mr. Minick's use of the bankruptcy process is unfair.

### The debtor's attempts to evade Mr. Roberts

Mr. Roberts seems to suggest that the debtor has attempted to evade him. He describes how the debtor refused to respond to Mr. Roberts's second set of interrogatories in the state court civil action. In particular, Mr. Roberts points to Mr. Minick's statements in his cover correspondence that he "will never answer the questions on the second interrogatory" because he claims they are irrelevant, embarrassing, and demeaning. Ex. 5, ECF Doc. No. 14. In response, Mr. Roberts filed a motion to compel discovery responses, and promptly thereafter Mr. Minick filed the bankruptcy petition. *See* Ex. 6, ECF Doc. No. 14. Mr. Minick's actions therefore caused a stay of the discovery in the litigation. In this way, Mr. Roberts complains that Mr. Minick attempted to evade him.

This Court has reviewed the correspondence related to the interrogatory request and construes Mr. Minick's comments in his cover correspondence as an objection to the second interrogatories. The record contains no indication or showing that Mr. Minick hindered collection action, or sought to confuse or trick the creditor from exercising the creditor's collection remedies. These facts are not consistent with a "deliberate and persistent pattern" of evading creditors. Merely objecting to interrogatories in a single instance does not demonstrate deliberate and persistent efforts to evade or avoid a single creditor.

### The debtor's use of bankruptcy to avoid a debt for malicious and wrongful conduct

At bottom, this case turns on one circumstance: that the debtor filed the bankruptcy primarily to stop the litigation over Mr. Roberts's debt, which may be excepted from discharge to the extent the debt arises from willful and malicious injury to person or property. The presence of

one bad faith factor alone is not enough to justify dismissal of a bankruptcy case. *Janvey*, 883 F.3d at 414 (warning that elevating a single individual factor above all other factors relevant to the bad faith analysis risks equating a single factor as the sine qua non of bad faith). Because the circumstance here appears to trigger more than one of the identified bad faith factors, the Court will evaluate whether on balance the circumstance here merits dismissal of the case.

### Filing the case to stay tort litigation

One benefit of bankruptcy is the automatic stay. With certain exceptions, when a debtor files a bankruptcy petition, a stay is automatically imposed to halt all collection actions against the debtor and his property. When a debtor files bankruptcy, litigation is stayed, unless otherwise excepted from the automatic stay.

The broad, powerful stay instantly imposed when a debtor files bankruptcy was not accidental. The legislative history illustrates Congress's intent to impose an immediate halt to creditor action:

> The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

S. Rep. No. 95-989, at 54–55 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5840–41. The automatic stay applies even if the debtor has only one creditor. Although the statute contains certain exceptions not applicable here, *see* 11 U.S.C. § 362(b)–(c), it does not otherwise distinguish whether the creditor action pertains to an action which may become the subject of a dischargeability contest. Because the statute authorizes a stay of certain state court civil actions when a debtor voluntarily files a bankruptcy petition, a debtor's decision to take advantage of that stay does not establish bad faith.

**The nature of the debt**

The unliquidated debt arises from an extramarital affair. The Bankruptcy Code does not disqualify a debtor from seeking bankruptcy even if the debtor's largest debt arose from wrongful or improper conduct, but instead the Code allows the particular debt to be excepted from a bankruptcy discharge depending on the nature and type of wrongful conduct. *See* 11 U.S.C. §§ 523, 1141(d)(2), 1328(c)(2).

**Is the debt excepted from discharge?**

Mr. Roberts argued to the Court at the hearing on the motion to dismiss that his debt should be excepted from discharge pursuant to Bankruptcy Code section 523(a)(6). The Code sets forth a procedure to address if a debt should be excepted from discharge under section 523(a)(6). The procedure requires the plaintiff to initiate an adversary proceeding. This means the plaintiff must file a separate complaint by a certain deadline, serve the complaint, and if answered, proceed to try the matter. Mr. Roberts has not yet filed[6] a complaint to determine the dischargeability of his debt. The Court may not simply declare his debt nondischargeable under section 523(a)(6) without the benefit of an adversary complaint compliant with section 523 and the Federal Rules of Bankruptcy and Civil Procedure,[7] or the consent of the debtor.

**Relief From Stay**

---

[6] The deadline to object to dischargeability has not passed yet. The deadline is June 11, 2018, 11 days from the date of this ruling.

[7] Mr. Roberts relies upon a Supreme Court ruling interpreting the Bankruptcy Act as support for his argument that the tort of criminal conversation is *per se* excepted from discharge. *See Tinker v. Colwell*, 193 U.S. 473 (1904). The Court takes a moment to note that the Bankruptcy Code includes elements not found under the Act required for a debt to be excepted from discharge. This Court is compelled to apply the Code, not the Act, when deciding a matter of dischargeability. *Cf.* S. Rep. No. 95-989, at 79 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5865 ("Debts for willful and malicious conversion or injury by the debtor to another entity or the property of another entity are nondischargeable. Under this paragraph 'willful' means deliberate or intentional. To the extent that *Tinker v. Colwell*, 139 U.S. 473 (1902), held that a less strict standard is intended, and to the extent that other cases have relied on *Tinker* to apply a 'reckless disregard' standard, they are overruled.").

Mr. Roberts seeks as an alternative to dismissal that the Court grant relief from stay for cause. The cause cited is simply that the Court does not have jurisdiction to hear and decide a personal injury case. *See* 28 U.S.C. § 157(b)(5). Because this Court could not hear a trial on the personal injury civil action for criminal conversation,[8] Mr. Roberts suggests it is appropriate to grant relief from stay to permit the state court to hear and decide that civil trial.

If the purpose of the state court civil action is to determine liability, relief from stay may not be necessary. Any liability will be discharged, even if the trial court has not rendered judgment, if the debtor receives a discharge and this debt has not been excepted from discharge. What Mr. Roberts really seeks is a ruling that the debt is excepted from discharge. If this Court[9] excepts the debt from discharge, at that point the state court may be the appropriate forum to hear and decide the extent, if any, of damages.

For these reasons, cause has not been shown to grant relief from stay.

**Conclusion**

Mr. Roberts asks this Court to dismiss this case for bad faith. The bad faith alleged is the debtor's prepetition conduct in which he had an extramarital affair with Mr. Roberts's wife. Mr. Roberts alleges this conduct amounts to willful and malicious injury to him. The debtor admits he filed the bankruptcy to stop the litigation and discharge the debt to Mr. Roberts. It is this factor (filing to avoid a single debt comprising the bulk of the debtor's debt) Mr. Roberts suggests compels dismissal.

---

[8] Under North Carolina law, the tort of criminal conversation may permit a plaintiff to recover damages for mental anguish, mental suffering and wounded feelings.

[9] Because in this case the state court civil action is a strict liability tort, the parties may not litigate in the state court all of the requisite elements to determine if the debt is excepted from discharge under the Bankruptcy Code. That is why it is appropriate for the Bankruptcy Court, not the state court, to determine dischargeability in this case.

The debtor has been honest and forthcoming about his prepetition conduct. Prepetition bad conduct, by itself, is insufficient to disqualify Mr. Minick from proceeding in bankruptcy. After considering the circumstances and factors demonstrating bad faith, the Court finds a lack of circumstances demonstrating abuse or cause to dismiss, and as such, concludes the motion to dismiss should be denied. The circumstances in this case do not show egregious behavior, the type demonstrating abuse of the provisions, purpose, or spirit of bankruptcy law. *See Janvey*, 883 F.3d at 412 (citing *Tamecki v. Frank (In re Tamecki)*, 229 F.3d 205, 207 (3d Cir. 2000)). For these reasons, Mr. Minick's bankruptcy is not improper or unfair. As for the alternative relief, Mr. Roberts failed to show sufficient cause for relief from stay.

For all of the foregoing reasons, the Court denies the motion to dismiss the petition and denies relief from stay.

The Court will issue a separate order based on the conclusions in this Opinion.

The Clerk is directed to send copies of this Opinion to the movant, Tom Roberts, One Oak Plaza, Suite 209, Asheville, NC 28801; the debtor; counsel for the debtor; and the chapter 7 trustee.

Dated: May 31, 2018

*/s/ Rebecca B Connelly*

Rebecca B. Connelly
United States Bankruptcy Judge